UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60562-CV-GAYLES/SELTZER

ABC UNIVERSITY SHOPS, LLC,

      Plaintiff,

v.

SCOTTSDALE INSURANCE
COMPANY,

      Defendant.
                                             /

## ORDER

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss and Memorandum of Law in Opposition to Petitioner's Amended Petition for Declaratory Relief and Petition to Compel Appraisal ("Motion to Dismiss") [ECF No. 35] and Petitioner's Motion to Compel Appraisal and to Stay Litigation ("Motion to Compel Appraisal") [ECF No. 38]. The Court referred all pretrial matters to Magistrate Judge Seltzer pursuant to 28 U.S.C. § 636 and Magistrate Rules of the Local Rules of the Southern District of Florida. [ECF Nos. 21 & 25]. Judge Seltzer issued a Report and Recommendation (the "Report") recommending that the Court grant in part and deny in part Defendant's Motion to Dismiss, and grant Plaintiff's Motion to Compel Appraisal. [ECF No. 43]. Defendant has timely objected to the Report [ECF No. 45] and Plaintiff submitted a reply [ECF No. 47].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which an objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360

(11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In his Report, Judge Seltzer found that Plaintiff's Amended Petition for Declaratory Relief did not identify true ambiguities as to Plaintiff's rights under the policy such that the terms would need interpretation. Judge Seltzer found that Plaintiff's claims were factual in nature—a dispute of facts and an application of the policy to those facts. Because the Amended Petition sounds in breach of contract, Judge Seltzer recommended dismissal of the Amended Petition for Declaratory Judgment without prejudice to be pled as such. Judge Seltzer further found in his Report that Plaintiff properly moved to compel appraisal of the disputed amount of loss to its property and that Defendant failed to properly show waiver through Plaintiff's actions. The Report reasoned that appraisal was appropriate because Defendant admitted coverage for a portion of Plaintiff's loss. *See People's Trust Ins. Co. v. Tracey*, 251 So. 3d 931, 931 (Fla. 4d DCA 2018) ("[C]ausation and the amount of loss are issues to be determined by an appraisal where the insurer has not wholly denied there is a covered loss." (internal quotation marks omitted)).

The Court, having conducted a *de novo* review of the record, agrees with Judge Seltzer's well-reasoned analysis and recommendation that Defendant's Motion to Dismiss be granted in part and denied in part. The Court agrees that Plaintiff's Amended Petition for Declaratory Relief sounds in breach of contract such that the Declaratory Judgment Act does not apply. *See* 28 U.S.C. § 2201. Though Plaintiff claims to be "in doubt as to its rights and obligations

pursuant to the subject all-risk Policy," [ECF No. 43 at 6], Plaintiff does not identify any provision of the insurance policy that is truly in need of interpretation and construction.

The Court also agrees with Judge Seltzer's recommendation that Plaintiff's Motion to Compel Appraisal be granted. As articulated in the Report, Florida law makes clear that coverage issues under an insurance policy are to be determined by a judge or jury while amount of loss issues are to be determined by appraisers, as provided by the insurance policy. *See Arvat Corp. v. Scottsdale Ins. Co.*, No. 14-22774, 2015 WL 6504587, at *2 (S.D. Fla. Oct. 28, 2015); *Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1022 (Fla. 2002); *Tracey*, 251 So. 3d at 933. Here, Defendant admits coverage for a portion of Plaintiff's claim but denies coverage for other portions, making the issue of the amount of loss appropriate for determination by appraisal. As Judge Seltzer found, Plaintiff has not waived its right to an appraisal of the amount of loss simply because it entered into litigation with Defendant. Therefore, this Court agrees that Plaintiff's Motion to Compel Appraisal should be granted and appraisal should proceed to determine the value of Plaintiff's property and the amount of loss to the property.[1]

The Court also finds that Defendant's request for a delineated appraisal award providing "a line itemization of damages and delineation of scope in the appraisal award" should be denied. [ECF No. 45 at 5–6]. First, Defendant never sought the relief requested before Judge Seltzer such that it could have been addressed in the Report. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate

---

[1] Defendant challenges the Report's determination that "all coverage issues in the instant litigation can be resolved through appraisal . . . ." [ECF No. 43 at 19]. While Judge Seltzer refers to "all coverage issues" in delineating which issues should be determined through appraisal, the Court finds that, when read in the context of the Report as a whole, "all coverage issues" refers to issues of the amount of loss in dispute to be determined by appraisal.

3

judge."). Second, the plain language of the policy does not require a delineated appraisal award. *See Vista View Apartments, Ltd. v. Chubb Custom Ins. Co.*, No. 08-22772, 2009 WL 10669062, at *2 (S.D. Fla. July 6, 2009) ("In interpreting insurance contracts, the Florida Supreme Court has made clear that 'the language of the policy is the most important factor.'" (citations omitted) (internal quotation marks omitted)). The language of the policy states that "each party will select a competent and impartial appraiser . . . [and] [t]he two appraisers will select an umpire. . . . The appraisers will state separately the value of the property and amount of loss." [ECF No. 43 at 13]. The language of the policy here does not require a delineated appraisal award and the request is therefore denied. *See Vista View Apartments*, 2009 WL 10669062, at *2.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Seltzer's Report and Recommendation [ECF No. 43] is **ADOPTED** in its entirety.

(2) Defendant's Motion to Dismiss and Memorandum of Law in Opposition to Petitioner's Amended Petition for Declaratory Relief and Petition to Compel Appraisal [ECF No. 35] is **GRANTED** in part and **DENIED** in part. Plaintiff's Declaratory Relief Claim is **DISMISSED without prejudice**.

(3) Petitioner's Motion to Compel Appraisal and to Stay Litigation [ECF No. 38] is **GRANTED**.

(4) Defendant's Motion for a Delineated Appraisal Award [ECF No. 45] is **DENIED**.

(5) The action is **STAYED** pending completion of the appraisal process and **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of November, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE